HISSRICK, Appellant, *vs.* McPHERSON, Respondent.

1. In this state, a plaintiff's book of original entries, kept by himself, is not admissible evidence in support of a demand for goods sold and delivered, with or without his suppletory oath.

*Appeal from Cooper Circuit Court.*

*P. R. Hayden,* for appellant. The plaintiff should have been permitted to read his account book in evidence. (2 Phill. on Ev. p. 682–3, 691. Cowen & Hill's note, 491. *Beach* v. *Mills,* 5 Conn. Rep. 496–7. 1 Greenl. Ev. §117, 118, note 1. 1 Smith's Lead. Cases, top p. 304 and notes. *Ingraham* v. *Bockins,* 9 Serg. & R. 285. *Curran* v. *Crawford,* 4 S. & R. 3. 12 Pick. 139. 13 Mass. 427. 1 Rawle, 441.

*A. Leonard*, for respondent. A party's own original account book of sales, with or without the suppletory oath, is inadmissible in evidence. In the English courts, this evidence is never allowed. (3 Barn. & Ald. 142. *Sickles* v. *Mather*, 20 Wend. 72. *Price* v. *Torrington*, 1 Salk. 285. 11 Mees. & Wels. 773. *Pittman* v. *Maddox*, 2 Salk. 690. *Case* v. *Potter*, 8 J. R. 211. *Beach* v. *Mills*, 5 Conn. Rep. 696. *Sterrett* v. *Bull*, 1 Binn. 237. *Poultney* v. *Ross*, 1 Dall. 238.) In the United States, there is great variety of opinion on this subject. (1 Smith's Lead. Cases, 294–315, where the cases are collected. Cowen & Hill's notes, part 1, p. 682, 701, note A. 2 Wheat. Rep. 117, 118. 1 Greenl. Ev. §118, 119 and notes. *Eastman* v. *Moulton*, 3 New Hamp. 156. *Beach* v. *Mills*, 5 Conn. Rep. 696. *Vosburgh* v. *Thayer*, 12 J. R. 462. *Decamp.* v. *Vandagrass*, 4 Blackf. 272. *West* v. *Poinder*, Walk. 303.)

In this state, the question has never been settled, but the practice at the circuits, it is believed, has always been against the evidence ; and it is submitted that the old law is safer and better than the new, and that such is the experience of some of the states where the innovation has been allowed. (Per Cowen, Judge, in *Sickles* v. *Mather*, 20 Wend. 72. Sedgwick, Justice, in *Cogswell* v. *Dollwer*, 2 Mass. 222. Platt, Justice, in *Vosburgh* v. *Thayer*, 12 J. R. 462.)

SCOTT, Judge, delivered the opinion of the court.

This was an action begun by the appellant against the respondent, on an account for butcher's meat furnished to respondent, who kept a hotel in Boonville. The plaintiff proved that he was a butcher and sold meats on a credit to the defendant. Having no other proof in support of his demand, he then offered to read in evidence the original account book, in which he had daily made his entries of the sales of meats, supported by an affidavit that his account was just and correct. The court refused to admit this evidence, to which the plaintiff excepted,

and afterwards submitted to a non-suit, and brought his case to this court.

1. The only question presented for our determination is, whether the original book of entries made by the plaintiff, with his suppletory oath, is competent evidence in support of his demand. None of the books maintain that there is any foundation in the common law for the admission of such evidence. Lord Torrington's case is to the extent that courts have gone in allowing such evidence to be received. There the drayman, who delivered beer to his employer's customers, went every night to the clerk and had an entry made of each delivery. This statement of the quantities delivered, and of the names of the persons to whom the beer was delivered, was signed by the drayman and clerk. The drayman afterwards died, and it was held that the entries thus made and authenticated by the drayman, were evidence for his employer against those to whom the beer was delivered. (*Price* v. *Torrington*, Salk. 285. 2 Lord Ray. 873.) This was upon the principle that the hearsay of persons speaking against their own interest is admissible. These entries were evidence against the drayman, and were acknowledgments of the quantity of beer he had received from the employer to be accounted for. Even this rule has been encroached upon, and there is a disposition to narrow it. Thus it has been held that, in order to make such entries evidence, it must appear that the shopman is dead; that he is abroad and not likely to return, is not sufficient. (*Cooper* v. *Marsden*, 1 Esp. 1.)

We do not deem it necessary to trace the origin and history of the rule which allows evidence such as was rejected in this case, in some of the states of the Union. It is enough to know that such a rule has never been recognized in the administration of the law in this state, and that it is murmured at in states in which it has been introduced. A case is not remembered, in which an attempt has been made to sustain such a rule by the opinion of this court. It is obvious that to permit a party to recover a debt, sustained only by his own affidavit,

would be multiplying the temptations to perjury. Where the rule has been introduced, the courts have felt the necessity of laying it under restraints and qualifications which can only come appropriately from the law-making power.

This principle, having had no previous existence in the practice of our courts, it may be questioned whether, under the present act regulating practice at law, there is any warrant for its introduction. This act prescribes that a party to an action may be examined as a witness at the instance of the adverse party. The statute having regulated the manner in which a party shall be introduced as a witness, all other modes of such introduction would seem to be impliedly prohibited. The reason of the rule which obtains in some of the states, is the necessity of the case, as the business carried on by a tradesman may be so small as not to warrant the employment of a clerk, and thus he would be without a witness to his dealings with his customers. As the demands of such tradesmen are usually inconsiderable in amount, and within the jurisdiction of a justice of the peace, the provision which was introduced in 1820, which allowed both parties to be examined as witnesses in all suits on notes, bills, or assumpsit, or on book account, when the plaintiff's demand was controverted, may be regarded as a substitute for the rule established in some of the states. That provision introduced in 1820, affecting justices' courts, with modifications, still continues in force.

The necessity for such evidence as is sought to be legalized by the judgment of this court, would be most sensibly felt in our probate courts, where the death of the debtor renders proof of an account necessary in all cases, as there are none to make admissions. Notwithstanding this consideration, we find our laws regulating administrations, as early as the 21st January, 1815, expressly prohibiting courts of probate from allowing any administrator for any disbursement, unless the demand against the estate was supported by such evidence as would have warranted a recovery in a suit at law. (Sec. 52.) This provision has continued in our code to this day, and shows that

the subject was in the contemplation of the legislative power, and there was an entire omission to give the least sanction to the rule now sought to be introduced. The other judges concurring, the judgment will be affirmed.