FANNIE B. STEPHENSON *et al.*, Appellants, *v.* D. A. JANUARY *et al.*, Respondents.

1. *Trusts — Inaccuracies in trust deeds — What will not vitiate them.*—Where notice of sale under a deed of trust sufficiently designated the property to be sold, the time and place of sale, and for what debt, and the names of the trustees were correctly printed in the body of the advertisement, a mistake in the name of one of them, at the bottom of the instrument, will not vitiate the sale.

*Appeal from St. Louis Circuit Court.*

*Hill & Jewett*, for appellants.

*Sharp & Broadhead*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

This was a bill in equity, brought by Fannie B. Stephenson as the executrix and devisee of the estate of her deceased husband, and certain other parties who claim to be creditors of the estate. The purpose and object of the proceeding was to set aside a deed executed under a sale made by trustees in September, 1861, of Stephenson's estate, at which sale January became the purchaser. Stephenson, to secure an indebtedness which he owed January, executed a deed of trust on the property in controversy, and Joseph C. Cabot and R. G. Lackland were the trustees. Objections are made to the regularity of the sale by the trustees, and it is charged that January knew that Stephenson was insolvent at the time of the sale, and that he either willfully, wickedly and fraudulently intended to cheat and defraud Stephenson and his creditors out of the property, and to obtain the same for a small part of its value, or that he caused the sale to be made in pursuance of an amicable and fraudulent understanding with Stephenson, and for Stephenson's use and benefit, to hold it for him and to assist him in cheating and defrauding his creditors. At the hearing the court dismissed the bill for multifariousness and for want of equity.

In the decision of this case, it is useless and unnecessary to notice the evidence in detail. We have attentively examined the

vast record which is now before us, and it will be sufficient to merely notice such points as are deemed most important. It is not denied that the bill is multifarious, but it is contended that, as no advantage was taken of that defect by motion or demurrer, it could not be considered at the hearing and cannot be urged now. Had the court dismissed the bill for that reason only, it might become necessary to consider and decide the point; but as a decree was rendered against the plaintiffs on the ground that they had no merits, and that question is also here, we prefer to decide the case on the record as presented.

There is no foundation for the point raised that at the time the property was advertised for sale it was not shown that the debt was sixty days past due, as provided for in the deed of trust, before any sale could take place. The petition alleged the fact of the maturity of the debt, there was no denial in the answer, and the question was not alluded to upon the trial. The objection that the advertisement was not published according to law and in conformity with the conditions of the deed, we do not think can be sustained. Whether the *Legal Record* was a newspaper within the proper meaning of the term, or whether it published the notice the required length of time, are immaterial questions; for, in addition to that publication, the notice of sale was inserted in the *Missouri Republican*, and there is doubt about its being published in that paper sufficiently long.

But it is insisted that there was an inaccuracy in this last publication that destroyed its force and rendered it altogether worthless. The advertisement was in regular form, the names of the trustees were inserted correctly in the body of it, but at the bottom James was printed instead of Joseph in Cabot's name. Certainly, place, description and time are all requisite in the notice of sale by trustees. But mere omissions or inaccuracies, not calculated to mislead and working no injury, will be disregarded. (Gray v. Howard, 14 Mo. 341; Beattie v. Butler, 20 Mo. 313.) The advertisement, as published in the *Republican*, contained everything that was necessary to apprise the public of what property was to be sold, the time when and the place where it was to be sold, for what debt the sale would take place, and the

names of the trustees were properly and correctly printed in the body of the advertisement, but a mistake was made in the name of one of them at the bottom. This certainly could neither deceive nor operate to the prejudice of any one, and ought not to be allowed to vitiate the sale and render it illegal.

There is no evidence in the record to sustain any allegation of fraud on the part of January. The debt was honestly due him, and he had a right to resort to the means placed in his hands to obtain payment. He advertised according to the terms of the deed of trust, and the sale was open, free and notorious. January was the highest bidder, and the property was struck off to him. There is no pretense that he resorted to any means of trickery whatever to keep away bidders or to suppress competition. Everybody had notice alike, and all persons were alike free to appear at the sale and compete for the purchase of the property.

Much has been said about the fact that Stephenson and his creditors were not notified when the sale would take place. But so far as Stephenson is concerned, that is not true, for the testimony leaves no doubt that January desired the payment of the money, and told Stephenson that he was going to cause a sale of the property under the deed of trust. Stephenson was on the eve of going away, he read the advertisement before he went, showed it to the agent who collected his rents, told him that the property would be sold, and, at the agent's request, voluntarily went with him to January to get the latter to continue him as rent collector of the property if he purchased it. January was under no obligations to hunt up Stephenson's creditors and to inform them that he was going to have the property sold under the deed of trust. They were entitled to the same notice that was given to others, and no more; they received that, and have no reason to complain.

The record is perfectly barren of facts showing that any fraud was practiced either on Stephenson or his creditors; there was no fact suppressed, and no promise violated. When Stephenson returned, he lived in St. Louis about four years after the sale, on intimate and friendly terms with January, had large dealings with him, recognized the sale as valid, and made no claim to the

property. If there was any secret understanding between them, it rests on vague inference; there is nothing definite disclosed by the record.

It is further argued that January intermeddled with the duties of the trustees and usurped their functions. But I am unable to perceive that there is any truth in this statement. He informed them that he desired the property sold under the deed of trust, and they authorized him to write out the notice and sign their names to it. What January did was ratified and consented to by the trustees. That the sale took place when the price of real estate was depressed does not invalidate it. It may have been a misfortune to the debtor, but the creditor had the undoubted right to enforce the collection of his demand by resorting to a sale, and if he acted fairly, and indulged in no improper practices, we cannot see that courts have any right to interfere. No relief can be had on the ground of inadequacy of price. The evidence clearly establishes that at the time the property was sold it brought as much as property ordinarily did at such sales. The inadequacy here is not of such a character as to raise any presumption against the sale; but, to have any weight, would have to be coupled with circumstances which we do not find to exist. Other points have been discussed in the argument, but we think they have no essential bearing on the case and cannot change the result. In our opinion, the record utterly fails to show any such state of facts as would justify a court in setting the deed aside as fraudulent.

The judgment must be affirmed. The other judges concur.