JAMES PRYOR *vs.* LOVELL BAKER & another.

Worcester. Oct. 6. — 20, 1882. ENDICOTT, LORD & FIELD, JJ., absent.

Under a single mortgage of three distinct parcels of land, situated respectively in three different towns in the same county, containing a condition that, on default in the payment of the sum secured thereby, the mortgagee might "sell the granted premises, or such portion thereof as may remain subject to this mortgage, in case of any partial relief therefrom, in said town, on the premises," a sale by him of one of the parcels, by public auction, for breach of the condition, in accordance with the terms of the power in the mortgage, and in form legally conducted, is valid, although the amount realized from the sale, which is indorsed on the mortgage note, is less than the amount of the debt secured by the mortgage.

DEVENS, J. The defendant Lovell Baker was the mortgagee, by virtue of a single deed, of three distinct parcels of land, situated respectively in the towns of Rutland, Millbury and Leicester in the county of Worcester. By the conditions of his mortgage, he was entitled, on default in the payment of the sums secured thereby, to "sell the granted premises, or such portion thereof as may remain subject to this mortgage, in case of any partial relief therefrom, in said town, on the premises." Other provisions were made as to advertising, &c., not important now to be considered. The mortgagee, for breach of the condition, advertised and sold by public auction, in Rutland, to John L. Baker the tract situated in that town, indorsing the amount received, which was much less than the debt, upon the mortgage. He did not then advertise or sell the other tracts of land, although he has since done so. It is found that this sale made by the mortgagee was according to the terms of the power, and in form legally conducted, unless it be, as matter of law, that advertising and selling this lot alone, being a part only of the real estate embraced in the mortgage, invalidated the sale. This is

the contention of the plaintiff, who brings this bill in equity to redeem the parcel first sold from the mortgage, and who holds a title which would give him the right to redeem if such sale were not lawfully made. His right is to be determined by that of the mortgagor, (from whom he has subsequently derived title,) as it was affected by the sale.

The question does not present itself, whether the subsequent sales made by the mortgagee were valid, by which he undertook to dispose of the other tracts of land included in his mortgage. The validity or invalidity of the latter sales cannot affect either the title of the plaintiff or of John L. Baker, who was the purchaser of the Rutland tract. If it be conceded that the terms of the power of sale permit only a single advertisement and sale of the mortgaged premises, and that the power to sell would be exhausted by a single act, the question recurs whether the mortgagee might not lawfully sell a single parcel unconnected with other parcels, even if he did not thereby obtain enough to satisfy the mortgage. The exercise of a power to sell by a mortgagee is always carefully watched, and is to be exercised with careful regard to the interests of the mortgagor. *Montague* v. *Dawes*, 14 Allen, 369. The mortgage contemplated that a portion of the land might be relieved therefrom, and a sale made of the remainder. If the effect of this sale has been to relieve the other parcels from the power of sale, the mortgagor has no ground of complaint.

Had all the tracts been advertised, and, upon the sale of one, enough had been received to satisfy the mortgage, the mortgagee could not have proceeded to sell the other tracts. If, after such an advertisement, upon the sale of one, enough not having been received to satisfy the mortgage, he sees fit to proceed no further with the sale, no injury can have been done to the mortgagor. If the effect of such a transaction has been to exhaust the power of sale, or to release the remaining parcels, it would be certainly an advantage.

The cases of *Fowle* v. *Merrill*, 10 Allen, 350, and *Torrey* v. *Cook*, 116 Mass. 163, cited by the plaintiff, do not sustain his position. The one was a sale of an equity of redemption by the mortgagee, who thus sought to retain his mortgage on the premises; the other, the sale of an undivided half of the premises.

These were held invalid. They were attempts to sell an estate in the mortgaged premises, instead of the premises themselves, which alone the mortgagor was authorized to convey. The sale in the present case was that of a distinct tract, in a different town from the other tracts included in the mortgage, and, as to this tract, the power was well and effectually executed.

*Bill dismissed.*

*D. Manning, Jr.*, for the plaintiff.
*F. A. Gaskill*, for the defendant.