M. J. OLIVER and others *vs.* WILLIAM H. DAVY, impleaded, etc.

November 30, 1885.

**Deed and Purchase-Money Mortgage both Unrecorded — Mortgage Preferred to Mechanic's Lien.**—Where a vendee of real estate, subsequent to a contract for materials to be furnished for a house to be built for him on the land purchased, received a deed, and at the same time executed to the vendor a purchase-money mortgage, both of which remained unrecorded until after the delivery of such materials, and the filing of an account and claim of lien therefor, *held*, that the lien of such mortgage was intrinsically superior, and the omission of the mortgagee to record his mortgage until the deed was recorded is not to be construed into a waiver or estoppel, so as to subordinate his lien to that of the material-man, though the latter had notice of the execution of the deed, but not of the mortgage.

The plaintiffs brought this action in the district court for Clay county, to enforce a mechanic's lien for materials furnished and used in the erection of a store building on the land of defendant Hannah Peterson, joining the other defendant W. H. Davy, as claiming some interest in the land, such interest being alleged to be subordinate to the plaintiffs' lien. The defendant Peterson made default. The defendant Davy, answering, set up a purchase-money mortgage, and claimed a lien superior to plaintiffs' lien. The case was submitted upon an agreed statement of the following facts:

On October 16, 1883, defendant Davy contracted to sell the land in question to defendant Peterson, in pursuance of which contract, on November 2, 1883, Davy conveyed by deed to Peterson, and took back a mortgage for a part of the purchase price, which mortgage was filed for record on January 17, 1884. The deed has never been recorded, and plaintiffs were never aware of the existence of the mortgage until it was filed for record, nor had they any knowledge that defendant Davy had any lien upon the premises. The plaintiffs, at the request of defendant Peterson, furnished materials which were used in the construction of a building on the land in question, and on January 14, 1884, duly filed the proper verified account to secure

a mechanic's lien. The materials were furnished at various times from November 9, 1883, to December 1, 1883. Plaintiffs knew of the existence of title to the property in defendant Peterson, at the time her title accrued, their information coming through defendant Peterson and the deed to her, and not through any statement of Davy.

Upon these facts, judgment was ordered by *Reynolds*, J., declaring plaintiffs' lien to be prior and paramount to that of defendant Davy. A motion for a new trial was denied by *Stearns*, J., and Davy appealed.

*Burnham, Mills & Tillotson*, for appellant.

*F. D. Larrabee*, for respondents.

The design of the mechanic's lien law was to give a lien equal in power and effect with the lien of a judgment creditor (*Rees* v. *Ludington*, 13 Wis. 276,) and the lien is therefore entitled to the protection of our recording act. Gen. St. 1878, c. 40, § 21. If the deed had been recorded prior to January 17, 1884, certainly plaintiffs' lien would have had priority; but plaintiffs had actual notice of the deed, which certainly should put them in as good position as constructive notice. Davy cannot resist the deed; as to him it is as good as though recorded, and the omission of Peterson to record it cannot operate to give him a priority over the plaintiffs. Davy's negligence in failing to record his mortgage, thereby allowing plaintiffs to furnish materials upon the credit of Peterson's deed, should make him, as between these parties, the loser. Phillips, Mech. Liens, 381; *Hulett* v. *Whipple*, 58 Barb. 224.

VANDERBURGH, J. The plaintiffs seek to enforce a mechanic's lien against the real estate described, and claim that the same should be adjudged superior to a purchase-money mortgage held by defendant Davy upon the same premises. The record shows that on the 16th day of October, 1883, Davy, then being the owner thereof, agreed to sell and convey to defendant Peterson the premises in question; and the purchase was consummated between them, in accordance with the terms of the agreement, on the second day of November following, by delivery of the deed to Peterson, and the mortgage by her to him for the purchase-money. The deed has not been recorded, and the mortgage was not recorded till January 17, 1884, which was subse-

quent to the filing of a claim of lien upon the premises by plaintiffs. The materials for which such lien was filed were furnished by plaintiffs under a contract with Peterson, and used in the erection of a store building on the premises, between the date of her purchase and December 2, 1883. Plaintiffs had no notice of the existence of the mortgage prior to the filing of their account and claim of lien, but had actual notice of the existence of the unrecorded deed.

Plaintiffs' lien bound only the interest of defendant Peterson in the land. Gen. St. 1878, c. 90, § 1. If it accrued prior to the deed, and while she held possession under the agreement or contract of purchase, it would, of course, be subordinate to the rights of the vendor. She was then the equitable owner, subject to the payment of the purchase-money. Upon the delivery of the deed she became the legal owner, subject to the purchase-money mortgage. Davy's equity is therefore intrinsically superior to that of plaintiffs, and the case is not within the recording act. The statute (Gen. St. 1878, c. 40, § 21) does not include mechanics' liens; but if the language were to be extended by construction so as to include them, and give them the same effect as judgments or attachment liens, as the plaintiff insists, yet it will be remembered that by the terms of the statute such liens can only take preference where the debtor's title actually appears of record. The fact that plaintiffs had learned of the existence of the deed is not enough. Third parties might rely on the statute. *Dickinson* v. *Kinney*, 5 Minn. 332, (409.) It would be enough in such case that the mortgage was recorded as soon as the deed was recorded. If, then, defendant Davy was not by law required to record his mortgage sooner, as against such liens, his mere omission to do so cannot be construed into a waiver or estoppel so as to subordinate his lien to that of plaintiffs. And no other act or omission on his part is complained of, and there is no finding of any waiver or estoppel in the case.

It is admitted that the plaintiffs had learned from Peterson of the existence of the unrecorded deed prior to the delivery of the greater part of the materials furnished by them, though the complaint alleges that her contract therefor was made prior to the deed. But they investigated the title no further, and the case does not appear to differ

essentially from that of ordinary creditors who have sold goods to a purchaser on the supposition that he owned unincumbered property, and was responsible. *Spring* v. *Short*, 90 N. Y. 538; *Strong* v. *Van Duersen*, 23 N. J. Eq. 369.

Order reversed.