WILLIAM WEADLEY ET AL., Respondents, v. B. TONEY, Appellant.

**Kansas City Court of Appeals, January 10, 1887.**

EVIDENCE—ENTRIES IN BOOKS—COMPETENCY OF IN THIS STATE.—In this state, whatever may be the rule in other states, a plaintiff's book of original entries, kept by himself, or by his clerk, is not admissible evidence in support of a demand for goods sold and delivered, with or without his suppletory oath, as independent substantive evidence of his demand.

APPEAL from Jackson Circuit Court, HON. JAMES H. SLOVER, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

W. A. ALDERSON and A. YOUNG, for the appellant.
   I. The admission of the book of alleged original entries as substantive, distinct and original evidence, and the reading and showing of the same to the jury as such evidence, constitute fatal error, for which the judgment of the lower court must be reversed. *Field v. Thompson*, 119 Mass. 152, 153; *Burton v. Plummer*, 2 Ad. & El. 341; *Kent v. Garvin*, 1 Gray, 148; *Gould*

*v. Conway*, 59 Barb. 355; *Moore v. Meachan*, 10 N. Y.
(6 Seld.) 207; *Humphreys v. Spear*, 15 Ill. 275; *Williams v. Kelsey*, 6 Ga. 365; *White v. Wilkinson*, 12 La.
An. 359; *Nichols v. Haynes*, 78 Pa. St. 174; *Dwinel*
*v. Potter*, 31 Me. 167; *Godfrey v. Codman*, 32 Me.
162; *Whitney v. Sawyer*, 11 Gray, 242; *Waggeman*
*v. Petras*, 22 Ill. 42; *Dodson v. Sears*, 25 Ill. 513;
*Slad v. Nelson*, 20 Ga. 365; *Paine v. Sherwood*, 21
Minn. 240; *Ryan v. Dumphy*, 5 Pac. Rep. 324. The
last ruling of the Supreme Court upon any question is
controlling in this court. The former court and the St.
Louis Court of Appeals have squarely decided the prop-
osition here presented adversely to the ruling of the trial
court. The rule for which we contend is the logical and
safe one. *Hessrick v. McPherson*, 20 Mo. 310; *Manion*,
*etc., Co. v. Carreras*, 19 Mo. App. 162; *Lord v. Seigel*,
5 Mo. App. 582; *Hanson v. Jones*, 20 Mo. App. 595.

II. In submitting to the trial court the newly dis-
covered evidence, every requirement was observed. The
new evidence tells the story of the attempt of respond-
ent to fasten on the appellant a debt which was con-
tracted, if at all, by another party. Because of this
*new evidence alone* the appellant should be granted a
new trial. *State v. Ray*, 53 Mo. 345; *State v. Smith*,
65 Mo. 313; *Shaw v. Besch*, 58 Mo. 107.

ADAMS & FIELD, and R. T. HOLT, for the respond-
ents.

I. Books of account are evidence of goods sold
and delivered from a store. Greenl. on Evid., sects.
117–18, and cases cited; *Potter, Adm'r of Potter*,
8 Johns. 211; *Wilmer v. Israel*, 1 Broune (Pa.) 257;
*Ducaign v. Schreppel*, 1 Yates (Pa.) 147; *Spence v.
Sanders*, 1 Bay, 119; *Young v. Jones*, 8 Iowa, 222;
*Smith v. Beattie et al.*, 57 Mo. 281; *Cozzens v. Barrett*,
23 Mo. 544; *Penn v. Watson*, 20 Mo. 16; *Briggs v.
Henderson*, 49 Mo. 531; *Anderson v. Vollmer*, 83 Mo.

408; *Hanson v. Jones*, 20 Mo. App. 601; *Ford v. Seigel*, 5 Mo. App. 582.

II.   The affidavit of the party must show that the evidence is new, material and applicable to the issues, and that he has a good cause of action or defence, and that he has used due diligence to obtain the sum, and a different result would probably follow.   *Richardson v. Farm*, 36 Mo. 46; *Goff v. Mulholland*, 33 Mo. 203; *State v. McLaughlin*, 27 Mo. 111; *State v. Locke*, 26 Mo. 603; *Shaw v. Besch*, 58 Mo. 107.

III.   It is within the discretion of the trial court to grant a motion for a new trial when it is grounded on newly discovered evidence.   *Insurance Co. v. Curran*, 45 Mo. 142; *Cook v. Railroad*, 56 Mo. 303.

Ellison, J.—This action was commenced before a justice of the peace where defendant had judgment, which on a trial anew in the circuit court was annulled, and judgment given for plaintiffs, defendant appealing to this court.

The record before us notes the following occurrence at the trial in the circuit court:

"The plaintiffs then introduced, as substantive and distinct evidence, the order book referred to by their several witnesses, and certain entries in such book were shown and read to the jury as distinct and substantive evidence.   Such entries were of goods alleged to have been ordered and purchased by the defendant."

It is of this being permitted over defendant's objection that the chief complaint is made to us.

The question involved here has been much discussed in the English and American courts.

The cases of *Price v. The Earl of Torrington* (2 Salkeld, 285), and *Doe v. Turford* (3 B. & Ad. 898), are leading English cases on the subject.   These cases are justified on the ground that the entry was a minute in writing made at the time when the fact it records took place, by a person since deceased, in the ordinary

course of business, corroborated by other circumstances which render it probable that the fact occurred.

In the case first mentioned the entry was by a clerk, in the latter it was by a principal, but in each case the parties making the entries were dead at the time of their introduction in evidence.

In the case before us the entry was made by a clerk alive at the time of its introduction, though preliminary proof was made that the entry was in the regular course of business and contemporaneous with the sale.

The doctrine announced by the English cases has found lodgment in nearly all the courts of the United States. Indeed, it has been carried much further here. It is said in Smith's Legal Cases (Vol. 1, 503), that "it may be taken as settled law of all the states, that entries made in the usual course of business by the plaintiff's clerk, are admissible in evidence after his death, on proof of his hand-writing." And so it is also held, as in *Doe v. Turford (supra)*, that the entry may be by the principal as well as the clerk.

1 Greenleaf, section 118, says: "In the United States this principle has been carried further, and extended to *entries made by the party himself* in his own shop books." He states it to be in harmony with the common law, as the entry is only admitted where it is contemporaneous with the fact, and part of the *res gestæ*. "Being the act of the party himself, it is received with greater caution; but still it may be seen and weighed by the jury."

Does the fact that the party making the entry is yet alive render it inadmissible, when, if he were dead, it it would be legitimate testimony? Greenleaf states, without qualification, that the fact of the death of the party making the entry is not material. He says there are two classes of admissible entries between which there is a clear distinction in regard to the principle on which they are received. One class consists of entries against the interest of the party making

them ; .it not being material when they were made. The .
testimony of the party himself would, in such case, be
the best evidence of the fact, but if he be dead, the
entry made by him in the ordinary course of business,
and against his interest, is received as secondary evi-
dence in a controversy between third persons.'' The
other class of entries consists of those which constitute
parts of a chain or combination of transactions between
the parties, the proof of one raising the presumption
that another has taken place. Here the value of the
entry, as evidence, lies in this, that it was *contempora-*
*neous with the principal fact* done, forming a link in
the chain of events, and being a part of the *res gestæ.*
It is not merely the declaration of the party, but is a
verbal, contemporaneous act, belonging, not necessarily
indeed, but ordinarily and naturally, to the principal
thing. It is on this ground that this latter class of entries
is admitted ; and, therefore, it can make no difference
as to their admissibility, whether the party who made
them be living or dead, nor whether he was, or was not,
interested in making them, his interest going only to
affect the credibility or weight of the evidence when
received.'' The view as here taken from Greenleaf, has
the sanction of many decisions, and, speaking for
myself only, I think it is the correct view. Such evi-
dence, in my opinion, is competent for the consideration
of the jury, to be weighed by them in connection with
all the surroundings and circumstances attending the
case.

But this court, under the constitutional amendment
creating it, is bound by the latest utterance of the
Supreme Court, and we should conform our decisions
here to the views entertained by that court, as they may
be fairly obtained from their reported adjudications.
In *Hissrick v. McPherson* (20 Mo. 310), it was expressly
held that a plaintiff's book of original entries, kept by
himself, is not admissible evidence. In that case the
entries were made by the principal, as in *Doe v. Turford*

(*supra*); while in the present case the entry was by a
a clerk, yet Judge Scott in that case combats the *principle* involved in all such cases and says, with emphasis,
that whatever may be the rule in other states, it does
not obtain here. I do not find where the case of *Hissrick v. McPherson* has been overruled. The case of
*Smith v. Beattie et al.* (57 Mo. 281), is not sufficiently
parallel to say that it asserts a contrary doctrine.

It follows, therefore, that the books should not have
been received as independent substantive evidence of
plaintiff's demand, and the judgment will be reversed
and the case remanded. All concur.