ROBINSON & STEPHENS, Appellants, v. JAMES B. SMITH, Respondent.

Kansas City Court of Appeals, February 17, 1890.

*Affirmed in the Supreme Court, July 1, 1892.*

1.  **Evidence**: ACCOUNT BOOK: ENTRIES.   Book entries made by a party himself, or his clerk, in the usual course of his business, being contemporaneous with the fact and part of the *res gestœ*, are admissible in evidence in an action on an account.   (Missouri cases reviewed.)

2.  ———: ———: ———: CONFLICT OF AUTHORITY.   *Held,* the decision in this case is in conflict with the case of *Hensgen v. Mullally,* 23 Mo. App. 613, and should be certified to the supreme court.

*Appeal from the Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

REVERSED AND REMANDED (*and transferred to Supreme Court*).

*Alexander & Richardson* and *Gillihan & Brosius,* for appellants.

The court erred in excluding the following testimony offered by the plaintiffs: Here the plaintiffs offered the bank books of Robinson & Stephens, consisting of ledger, cash book and balance book, kept in the transaction of their business as bankers, and showing the transaction with defendant, and offered to prove that they were accurately kept, and that by universal custom entries were made and the books written up each day from the checks of the customers and tickets of the teller, and that the books were balanced each day to verify their accuracy. *Smith v. Beattie,* 57 Mo. 281; *Shephard v. Bank,* 15 Mo. 143.

*G. A. Chapman,* for respondent.

The bank books of plaintiffs, to-wit, ledger, cash book, balance book, etc., are not competent evidence and were properly excluded by the court. *Hensgen v. Mullally,* 23 Mo. App. 613; *Hessrick v. McPherson,* 20 Mo. 310; *Lord v. Siegel,* 5 Mo. App. 582; *Hanson v. Jones,* 20 Mo. App. 595.

SMITH, P. J.—The plaintiffs, who were bankers, brought suit against defendant before a justice of the peace to recover an overdraft of $50. On appeal to the circuit court there was a trial where the defendant had judgment. At the trial there was considerable evidence offered on each side, but the only question presented by the record arises out of the action of the trial court in rejecting plaintiffs' offer of evidence. It appears that the plaintiffs offered to introduce their ledger, cash book and balance book kept in their bank showing the transactions with defendant; that such books were accurately kept and balanced each day; that the

entries therein were written up each day from the checks of customers and the tickets of their teller. This offer of the plaintiff, was by the court rejected. There were no instructions asked or given. The plaintiffs are the appellants here. Upon the long and well-recognized principle that the book entries made by a party himself or by his clerk in the usual course of his business being contemporaneous with the fact and part of the *res gestæ*, are admissible in evidence, I think the offer of evidence made by the plaintiffs should not have been rejected. 1 Greenleaf on Evidence, sec. 118.

These entries were not merely the declarations of the plaintiffs, but were verbal, contemporaneous acts belonging not necessarily, but ordinarily and naturally, to the *principal thing*—the payment of the $50 which constituted the overdraft for which the suit was brought, and should have been seen and weighed by the jury.

This principle was expressly set aside by the supreme court in *Hessrick v. McPherson*, 20 Mo. 310, and which case has been unerringly followed by this court and the St. Louis Court of Appeals. *Hensgen v. Mullally*, 23 Mo. App. 613; *Hanson v. Jones*, 20 Mo. App. 595; *Lord v. Siegel*, 5 Mo. App. 582; *Weadley v. Toney*, 24 Mo. App. 304; *Nipper v. Jones*, 29 Mo. 538; *Damm v. Neumaster*, 2 Mo. App. 597. The case of *Smith v. Beattie*, 57 Mo. 281, is later than that of *Hessrick v. McPherson*, 20 Mo. 310, *supra*, and I think overrules or at least modifies the opinion of the court in the last-named case. In *Weadley v. Toney*, *supra*, the attention of this court was called to the case of *Smith v. Beattie*, and in the opinion Judge ELLISON remarks that the case is "not sufficiently parallel to say that it asserts a contrary doctrine." The parallelism here is complete. The plaintiffs in this case proposed to prove the very facts which the supreme court

in *Smith v. Beattie* said was a sufficient foundation to allow the books to be given in evidence.

It is perhaps to be regretted that the learned judge who delivered the opinion in *Smith v. Beattie* did not notice the case of *Hessrick v. McPherson*, and state how far it was intended to trench upon the ruling in that case. These two opinions of the court of last resort are found asserting opposing principles, and which have given rise to much doubt and uncertainty in respect to a rule of evidence which ought to be as well settled as the "single rule of three." *Smith v. Beattie* is the last utterance of the supreme court on the subject of the admission of book entries, and though decided with very little discussion the decision rests upon a solid foundation of principle, and, I think, we are bound to follow it in this case. It appears that in none of the other cases which have been decided by the courts of appeal have the facts been precisely analogous to those in *Smith v. Beattie*, and this may be the reason why it was not followed, though I do not think the difference in the facts of these cases should make any difference in the principle which is broad enough to apply alike to all of them. At all events upon the ruling made in *Smith v. Beattie* I think the circuit court should not have rejected the plaintiffs' proffered evidence. *Anderson v. Volmer*, 83 Mo. 403, does not in the least militate against the ruling in *Smith v. Beattie*.

I think the judgment of the circuit court should be reversed, and the cause remanded.

SEPARATE OPINION.

ELLISON, J.—My opinion now of the true rule of evidence is as I stated it in *Weadley v. Toney*, 24 Mo. App. 308, and I am confirmed in such view by what is said in the recent case of *Nelson v. Nelson*, 90 Mo. 460,

and *Mathias v. O'Neil*, 94 Mo. 520. But my conclusion was that *Weadley v. Toney* was governed by *Hessrick v. McPherson*, 20 Mo. 310. In the case at bar, unlike *Weadley v. Toney*, the proof of the contemporaneous entries and correctness of the books was made in the same way, as near as we can gather, as it was in *Smith v. Beattie*, 57 Mo. 281, and does, therefore, fairly fall under that decision. But our decision in this case is undoubtedly in conflict with the case of *Hensgen v. Mullally*, 23 Mo. App. 613, from the St. Louis Court of Appeals and should be certified to the supreme court to the end that so important a rule of evidence should be administered without conflict throughout the state. The other judges concur.