## ANDREW SCHOCH *vs.* ANNE BIRDSALL.

Argued by appellant, submitted on brief by respondent Jan. 12, 1892.　Decided
Feb. 23, 1892.

**Mortgage for Purchase Money—Priority of.**—A mortgage of a parcel
of land, made and recorded before the mortgagor acquires title, in order
to raise part of the purchase money therefor, *held* not to take precedence
of a mortgage by him to the vendor for the remainder of the purchase
price, made at the time of the execution of the deed, and taken by the
latter in good faith, and without notice of the existence of such prior
mortgage.　The lien of the last mortgage attached *eo instante* upon the
execution of the deed, as a part of an indivisible transaction.

**Record—When not Notice.**—The record of the former mortgage is not
notice to such vendor under the recording act, and is not, as to him,
a purchase-money mortgage.

**Notice of Sale under a Power — Description of the Land in.**—A
slight variance in the description of the quantity of the mortgaged
premises, between that contained in the notice of foreclosure by adver-
tisement and that in the mortgage, *held* not fatal to the validity of the
foreclosure, in the absence of any evidence of actual prejudice.

Appeal by defendant, Anne Birdsall, from an order of the district
court of Wright county, *Pond, J.,* made September 5, 1891, refusing
a new trial.

*Daniel Fish,* for appellant.

Both mortgages were given for purchase money, and are on an
equal footing.　Defendant's mortgage, being prior in date and in
record, is superior in equity.　*Jacoby* v. *Crowe,* 36 Minn. 93.

The description of the mortgaged premises in the notice of sale
omitted the exception of the west 25 feet.　The same omission oc-
curs in the sheriff's certificate of sale.　The description in the notice
does not conform substantially to that contained in the mortgage.
*Martin* v. *Baldwin,* 30 Minn. 537; *Fenner* v. *Tucker,* 6 R. I. 551.

*Holcombe & O'Reilly,* for respondent.

Where a mortgagor or his grantee remains in possession after the
title has passed by a foreclosure sale to a purchaser, his possession
is presumed amicable, and in subordination to the title of the pur-

chaser, until the contrary appears, or until an intention to claim the premises adversely is made manifest.  *Lowry* v. *Tilleny*, 31 Minn. 500; *Avery* v. *Judd*, 21 Wis. 262; *Seeley* v. *Manning*, 37 Wis. 574; *Maxwell* v. *Hartmann*, 50 Wis. 660; *Cook* v. *Travis*, 20 N. Y. 400.

The purchase-money mortgage to respondent took effect instantaneously with her seisin of the land, and was entitled to priority on account of its being a part of one and the same transaction by which seisin was acquired by the mortgagor.  *Banning* v. *Edes*, 6 Minn. 402, (Gil. 270;) *Holbrook* v. *Finney*, 4 Mass. 565; *Stow* v. *Tifft*, 15 Johns. 457; 3 Washb. Real Prop. p. 156; 1 Jones, Mortg. § 568; *Jacoby* v. *Crowe*, 36 Minn. 93.

There was a valid foreclosure of the mortgage.  The court below so found.  The property is described here exactly as in the mortgage, but the words of the exception are omitted.  It appears by the mortgage, as recorded, that the west twenty-five (25) feet are owned by William H. Wright.  This is sufficient notice to purchasers of the extent of his interest therein.  To hold that this should also be set forth in the notice, in order to make the sale of the land actually covered by the mortgage valid, would require the description to conform *literally* to that contained in the mortgage.  If the word "substantially" was omitted from the statute, the court might hold that the description contained in the mortgage should be literally complied with in the notice.  *Bottineau* v. *Ætna Life Ins. Co.*, 31 Minn. 125; *Lowry* v. *Tilleny*, 31 Minn. 500.

The counsel for appellant claims that the case of *Fenner* v. *Tucker*, 6 R. I. 551, is exactly in point.  But the statutes of Rhode Island contain no provisions regarding foreclosures by advertisement similar to ours.

VANDERBURGH, J.    The action is brought by plaintiff, alleging possession, to determine defendant's adverse claim to the premises in question.  By the pleadings it appears that each party claims under a mortgage executed by the same party as owner.  The plaintiff's mortgage having been foreclosed, and the time of redemption having expired, he claims to have acquired a clear title in fee.  Each is claimed to have been given for the purchase money, and each party insists upon a priority over the other.

The facts, as found, are as follows: On May 26, 1887, plaintiff was the owner in fee of the village lot in question. On that day he sold and conveyed the same to one Wilhelmina Bothman for the consideration of $750. Of that sum she paid him in cash the sum of $375, and, to secure the balance of the purchase price, she executed and delivered to him, simultaneously with the delivery of the deed to her, a mortgage of the same date therefor, which is the mortgage above referred to as having been foreclosed by plaintiff, and under which he now claims title. This mortgage was duly recorded on the 28th day of May, 1887. On May 24, 1887, the defendant Birdsall loaned to Wilhelmina Bothman and her husband, John Bothman, the sum of $400, for the period of three years; and to secure the same they thereupon, upon the same day, joined in a mortgage of the same village lot, running to the defendant, which mortgage was recorded on the 25th day of May, 1887, and is the mortgage under which she claims. Of the money so borrowed by the last-named mortgagors, the sum of $375 was used by Wilhelmina Bothman in making the cash payment to plaintiff on her subsequent purchase of the lot of him. When they executed the mortgage to defendant, neither of them had any title to or interest in the property; and at the time of the sale of the lot to Bothman by plaintiff, and the execution and receipt of her mortgage to him, and for a long time thereafter, he had no knowledge whatever of defendant's mortgage.

Upon these facts, plaintiff's mortgage was clearly entitled to the priority. The mortgage to the defendant had not attached before the conveyance by plaintiff to Bothman; neither did the lien thereof intervene between the conveyance to her and her purchase-money mortgage back to plaintiff. The seisin being instantaneous, the lien of plaintiff's mortgage took precedence of any lien, general or specific, created by her. On the other hand, the prior record of the defendant's mortgage did not avail as notice to the plaintiff, because, under the circumstances, the plaintiff was not bound to search for conveyances made by his grantee while the latter was a stranger to the title, and before the execution of his deed, and the defendant whose mortgage was recorded before plaintiff's conveyance was not a subsequent bona fide mortgagee, within the meaning of the recording

act. In no view of the case is her mortgage entitled to priority. *Dusenbury* v. *Hulbert*, 59 N. Y. 541, 545; *Turk* v. *Funk*, 68 Mo. 18; *Boyd* v. *Mundorf*, 30 N. J. Eq. 545; 1 Jones, Mortg. § 568; *Oliver* v. *Davy*, 34 Minn. 292, (25 N. W. Rep. 629.)

2. It is also contended by the defendant that the plaintiff's foreclosure of his mortgage was invalid on the ground of the defective description of the mortgaged premises in the notice of foreclosure, which was by advertisement. The property is described in the mortgage as "lot one, in block five, of the village of Montrose, in the county of Wright, in the state of Minnesota, except the west twenty-five feet of lot one, block five, as above described; the same being in the name of Wm. H. Wright." The description in the notice was simply lot 1, in block 5, of the village of Montrose, etc., omitting any reference to the 25 feet excepted in the mortgage as belonging to William H. Wright. The evidence shows that this 25-foot strip was one eighth of the size of the lot. A witness testified that "the size of the lot was two hundred feet from east to west, including the 25 feet;" referring to Wright's 25 feet. The statutory provision in respect to the description in the notice is that it shall contain "a description of the mortgaged premises conforming substantially to that contained in the mortgage." The sale and certificate in pursuance of the notice would pass all the interest of the mortgagor in the lot as described in the mortgage. *Lowry* v. *Tilleny*, 31 Minn. 500, (18 N. W. Rep. 452.) The only question that can arise is whether there is such a variance as to influence bidders unfavorably. Mr. Hilliard (1 Hil. Mortg. 143) suggests that a notice containing a description which embraces a much larger amount of land than that contained in the mortgage would not be good, citing *Fenner* v. *Tucker*, 6 R. I. 143, in which the reason given by the court is that persons who might desire to purchase the quantity of land embraced in the mortgage might not want to buy the tract advertised to be sold, and therefore might not attend the sale. That could, however, not apply with any force here. But any change in the description that would render it uncertain, obscure, or misleading in respect to what the bidder would acquire by his purchase would undoubtedly be held to be material, and presumptively prejudicial. As a general rule, however, omis-

sions or inaccuracies not calculated to mislead or to work injury are to be disregarded. *Stephenson* v. *January,* 49 Mo. 466. And we doubt if the excepted small fraction of the lot in this instance should be held upon the record alone to be misleading or prejudicial to any interested party. The evidence of plaintiff's possession was sufficient for the purposes of this action.

Order affirmed.

GILFILLAN, C. J., took no part.

(*Opinion published* 51 N. W. Rep. 382.)