ADONIRAM J. CHACE *vs.* HERBERT O. MORSE, administrator,
& others.

Bristol.    October 25, 1905. — December 1, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Equity Jurisdiction,* To redeem from mortgage, Laches.    *Mortgage,* Of real estate.

If in the notice of a foreclosure sale under a mortgage of real estate and in the sale itself the description included certain land not covered by the mortgage, but all the land covered by the mortgage was included and the terms of the power of sale were complied with, this may make the sale voidable by the mortgagor in case the irregularity affected the sale injuriously and the mortgagor proceeds with reasonable promptness before new equities have been acquired, but it does not make the sale absolutely void, and the mortgagor cannot maintain a bill to redeem the land from the mortgage after failing to assert his claim for more than eight years during which other persons have purchased portions of the land.

KNOWLTON, C. J.    This is a bill in equity to redeem a mortgage. On August 25, 1893, the mortgage was foreclosed by a sale under a power therein contained. The bill was filed on September 3, 1901. The case was referred to a master whose report shows that there was a breach of the condition of the mortgage, continuing at the time of the foreclosure, and that all the proceedings were regular, except that, in addition to the land then subject to the mortgage, the notice of the sale and the sale itself included a certain lot of land described in the mortgage, in an undivided third part of which the plaintiff had conveyed his right of redemption to the mortgagee, by a quitclaim

deed, and also another lot that was not included in the mortgage, which was flowed land, and was described in the notice of sale as "covered by the waters of South Watuppa Pond," and as "subject to any rights of flowage that the Watuppa Reservoir Company may have." The plaintiff had seasonable and actual notice of the time, place and subject matter of the foreclosure sale, and made no protest and took no steps to prevent the sale. He testified that, owing to a slight illness, he did not attend the sale, but was out and about within two or three days afterwards, and then ascertained the facts relative to it, the name of the purchaser, and the purchase price. A balance of about $2,700, due the plaintiff after satisfying the mortgage debt, was paid with the plaintiff's knowledge to certain of his creditors, includ ing his sister. The master found that he has taken the benefit of the payment of the surplus proceeds of the foreclosure sale, made to his creditors by the mortgagee. Within a few days after the sale, and before the payment of the purchase price by the defendant Chace, who was the purchaser at the sale, the plaintiff told him that, before the proceedings for foreclosure, he, the plaintiff, had made contracts with various persons for the sale of land from the mortgaged premises, and that he wanted Chace to do as well as he could by these persons. There was a contract between the mortgagor and the mortgagee in regard to sales by the mortgagor of land from the mortgaged premises, and the application of the money received from such sales. The plaintiff never told Chace, or the defendant Estes, to whom Chace sold one half of the property, that he had any objection to the foreclosure sale, or that he claimed it to be void or irregular, and they were not aware of such claim on his part before the bringing of this suit. O'Brien, the mortgagee, died on April 4, 1901, and, so far as appears, the plaintiff made no objection or complaint to him relative to the sale. During the interval between the foreclosure and the bringing of this suit, the defendants sold and conveyed, from time to time, portions of the property to fifteen different persons, none of whom is a party to the suit. The plaintiff knew that they were offering house lots for sale, but remained silent. During this period the defendants Chace and Estes laid out a street for the use of the property, on other land purchased by them for that purpose, and paid the

taxes and a prior mortgage. All this the plaintiff knew, but he said nothing of any claim on his part. He made no offer to redeem, or request for an account, before the filing of his bill. The property has increased in value since the foreclosure sale. The Superior Court dismissed the bill on the ground of laches, and the plaintiff appealed.

Unless the plaintiff has an absolute right to redeem by virtue of his title, the facts above recited show such gross laches as deprives him of all standing in a court of equity. Indeed, they fall little short of a distinct and affirmative ratification of the foreclosure sale.

The plaintiff's contention is that, because the notice, and the sale itself, included in the description property which was not covered by the mortgage, the sale was not merely voidable but utterly void. He invokes the doctrine stated in *Moore* v. *Dick*, 187 Mass. 207, that in such a case there is no question in regard to laches, and the conditions are the same as if there had been no attempt to foreclose. Under such conditions, no period of time less than twenty years will bar the right of redemption. We are therefore brought to the question whether the irregularity in the notice and sale made the sale void, or only voidable.

The distinction between the two classes of cases has not been very clearly defined, and the decisions in the different jurisdictions do not entirely agree. It has repeatedly been said that, in order to make a valid sale under a power in a mortgage, the terms of the power must be strictly complied with. *Roarty* v. *Mitchell*, 7 Gray, 243. *Smith* v. *Provin*, 4 Allen, 516. *Bigler* v. *Waller*, 14 Wall. 297. *Shillaber* v. *Robinson*, 97 U. S. 68. Where the sale is to foreclose a mortgage for a breach of the condition, there is no authority to sell unless there is a breach, and an attempted sale would be without effect upon the right of redemption. So, where a certain notice is prescribed, a sale without any notice, or upon a notice lacking the essential requirements of the written power, would be void as a proceeding for foreclosure. *Moore* v. *Dick*, 187 Mass. 207. But if everything is done upon which jurisdiction and authority to make a sale depend, irregularities in the manner of doing it, or in the subsequent proceedings, which may affect injuriously the rights of the mortgagor, do not necessarily render the sale a nullity.

The sale will be invalid so far as to enable the mortgagor, or perhaps the purchaser, to avoid it, and still be effectual if all the parties interested desire to have it stand.

Most of the cases on this subject, found in our reports, are suits brought to set aside sales as voidable. *Dyer* v. *Shurtleff*, 112 Mass. 165. *Burns* v. *Thayer*, 115 Mass. 89. *Learned* v. *Foster*, 117 Mass. 365. *Colcord* v. *Bettinson*, 131 Mass. 233. *Pryor* v. *Baker*, 133 Mass. 459. *Bancroft* v. *Sawin*, 143 Mass. 144. *Streeter* v. *Ilsley*, 151 Mass. 291. *Fennyery* v. *Ransom*, 170 Mass. 303. *Doane* v. *Preston*, 183 Mass. 569. *Tetrault* v. *Fournier*, 187 Mass. 58. Whether a sale under a notice which includes, as a part of the property, land not covered by the mortgage, is voidable or void, is a question upon which there may be a difference of opinion. Something may depend upon the kind and value of the property erroneously included. In Minnesota such a sale is held to be merely voidable. *Willard* v. *Finnegan*, 42 Minn. 476. *Ryder* v. *Hulett*, 44 Minn. 353. The same conclusion has been reached in a federal court. *Swenson* v. *Halberg*, 1 Fed. Rep. 444. See also 2 Jones, Mortgages, (4th ed.) § 1857. The case of *People's Savings Bank* v. *Wunderlich*, 178 Mass. 453, was a bill in equity to set aside such a sale, and it was held that the sale was invalid. But it was not said that the sale was void, as distinguished from voidable. Indeed, the last paragraph of the opinion, and especially the last sentence, intimates that the decision rests in part upon the fact that no new rights had intervened, and that the plaintiff had no such absolute right of redemption after the sale as would relieve him from the defence of laches if new rights had been acquired by others.

The notice in the present case included all the land covered by the mortgage, and complied literally with the terms of the power. The sale was of all the land. The only objection to the proceedings is that something more was included, and that this might mislead those contemplating a purchase, and affect the sale injuriously. The ground of objection is not that the notice and sale did not comply with the power, so far as to cover everything required; but that they complied in an irregular way which might be harmful to the plaintiff. Of course the sale gave no title to the land not then covered by the mortgage, and the plain-

tiff was not injured by a deed which seemed to deprive him of that portion of his property. The party whom we should expect to complain, if any one, is the purchaser, who did not get the title to all that was offered; but, so far as appears, he has made no complaint. The plaintiff himself, who knew all about it, seemed content for more than eight years. While the irregularity was one which might or might not injuriously affect the sale, and one which might enable the plaintiff to avoid the sale, if he proceeded with reasonable promptness before new equities had been acquired, we are of opinion that the sale was not void, but only voidable. His laches, therefore, is a bar to this suit.

*Decree affirmed.*

*W. E. Kelley*, for the plaintiff.
*D. F. Slade*, for the defendants.