[S. F. No. 15575. In Bank.—October 23, 1936.]

FRANK L. CRIST, Respondent, v. HOUSE & OSMONSON, INC., et al., Defendants; HARRIETT L. COWELL, Appellant.

Charles A. Christin and Thomas J. Keegan for Appellant.

Frank L. Crist, *in pro. per.*, and Adron A. Beene for Respondent.

SHENK, J.—The plaintiff sued to quiet title to certain improved real property purchased by him at a trustee's sale.

From a judgment in his favor the defendant Harriett L. Cowell appealed.

The property is situated in Palo Alto in Santa Clara County. Harriett L. Cowell was the owner thereof prior to December 12, 1929. On that date she deeded it to the defendant House & Osmonson, Inc. The latter executed a first deed of trust of the property to secure a note for $6,000, also a second deed of trust to secure a note for $3,000. The property deeded to the company and as described in the deeds of trust was irregular in shape and for purposes of illustration its boundaries may be called briefly as follows: From the point of beginning northerly 57½ feet; easterly 112½ feet; southerly 14 feet; easterly 12½ feet; southerly 25 feet; westerly 50 feet; southerly 18 feet; and westerly 75 feet to the point of beginning. The small rectangular portion measuring 12½ by 25 feet on the easterly end of the property was purchased by the United Artists Theatre for $750 in January, 1931, for the purpose of adding it to the adjoining lot. The holders of the first and second deeds of trust duly executed reconveyances, thus releasing the piece sold from the lien of the trust deeds.

In April, 1932, the plaintiff purchased the $3,000 note and second deed of trust. Upon default in the payment of that note the trustee under the second trust deed pursuant to the provisions thereof sold the property to the plaintiff for the sum of $300 subject to the lien of the first deed of trust. On the sale proceedings, however, the trustee erroneously advertised for sale the entire property including the 12½ by 25 foot strip theretofore released.

In the meantime in February, 1932, Harriett L. Cowell, the former owner, had commenced an action against her grantee to have the deed canceled on the ground of fraud, and at the same time she filed for record a notice of *lis pendens*. After the sale of the property to him the plaintiff brought the present action to quiet title to the property involved exclusive of the 12½ by 25 foot strip sold to the theatre. Harriett L. Cowell, the only defendant answering, sought by a cross-complaint to have title quieted in the defendant House & Osmonson, Inc., subject to her equitable claims. Judgment went for the plaintiff and this appeal followed.

■ The only question presented by the appeal is as to the correctness of the judgment for the plaintiff in view of the erroneous inclusion in· the sale proceedings of the strip sold to the theatre. By the trustee's sale, if it was effective and valid, the plaintiff acquired only the property which the trustee had the power to sell, viz., the property remaining subject to the lien of the trust ·deeds after the reconveyance of the easterly strip.

The leading case considering the question of the validity of the sale where the description advertised contains property not subject to the lien appears to be *Fenner* v. *Tucker*, 6 R. I. 551. As in this case, a portion of the property had been released from the mortgage. But there the portion released consisted of four acres which was one-half the mortgaged land. It was held that the misdescription avoided the sale because of the tendency consequent thereon of deterring persons from attending the sale who might otherwise have bid, to the prejudice of the mortgagor. The case is relied upon by the defendant as establishing a rule that whenever there is advertised in the sale proceedings a parcel of land which the trustee had no power to sell, prejudice to the mortgagors or trusters must be presumed and the sale held void. But that is not the rule to be deduced from the decided cases. In the Fenner case there were additional circumstances occurring at the sale and during the bidding which caused actual prejudice to the mortgagor and resulted in the property being sold for much less than its value. The court in that case expressly recognized that a mistake, such as there involved, would invalidate the sale if it was ''adapted to mislead'' to the prejudice of those who were entitled to protection in the matter of the price to be obtained for the property.

Likewise in *People's Sav. Bank of Woonsocket* v. *Wunderlich*, 178 Mass. 453 [59 N. E. 1040, 86 Am. St. Rep. 493], the advertisement included a lot (one of four originally mortgaged), which had been released from the mortgage and on which there subsequently had been constructed expensive improvements. The three lots remaining which the mortgagee had power to sell were of comparatively little value. It was held that the real estate advertised was ''substantially different from what the mortgagee sold or had a right to sell, and the sale was not a valid execution of the power given

him'', citing *Fenner* v. *Tucker, supra*. In *Chace* v. *Morse,* 189 Mass. 559 [76 N. E. 142], however, the same court expressly narrowed its inquiry to whether a sale was void or voidable which was had pursuant to notice describing more land than the mortgagee had power to sell. It was stated that the decision in *People's Sav. Bank* v. *Wunderlich, supra,* did not compel a holding that such a sale was void as distinguished from voidable. It concluded that regardless of the question whether the notice was or was not calculated to create prejudice to the mortgagor, the laches of the latter had intervened as a bar to a suit to have the sale invalidated.

Other authorities recognize the rule that such inaccuracies which are not calculated to mislead or work injury or prejudice are to be disregarded. (*Stephenson* v. *January,* 49 Mo. 465; *Schoch* v. *Birdsall,* 48 Minn. 441 [51 N. W. 382]; 3 Jones on Mortgages, 8th ed., p. 893 et seq., sec. 2380; p. 908, sec. 2393.)

In *Schoch* v. *Birdsall, supra,* where the notice failed to exclude a 25-foot strip which was one-eighth the size of the lot, the court's concern was with the question ''whether there is such a variance as to influence bidders unfavorably''. It concluded that upon the record the omission should not be considered as having been misleading or prejudicial to any interested party.

Finally we are referred to the case of *Baca* v. *Chavez,* 32 N. M. 210 [252 Pac. 987]. There the court reviewed the cases of *Fenner* v. *Tucker, Schoch* v. *Birdsall,* and *People's Sav. Bank* v. *Wunderlich, supra,* and stated: ''In the foregoing cases the result was based, or the principle declared, in view of actual or possible fraud upon or prejudice to, the donor of the power.'' It concluded that the possibility of prejudice by reason of the failure in the notice to inform the public that only a two-thirds interest rather than the whole interest was to be sold was too remote to furnish a practical basis for intervention by a court in a suit to enjoin the sale.

The rule is therefore sufficiently well settled that in the absence of any evidence that actual prejudice was suffered the misdescription by the inclusion of property theretofore released must be of such a substantial nature that prejudice is likely to result to the trustors. The record before us

does not contain evidence that actual prejudice resulted by reason of the inclusion in the sale proceedings of the small strip which theretofore had been released. Nor does the record show that any prejudice was likely to result to the trustors from the erroneous inclusion of the small area released. That parcel was but one-nineteenth of the advertised property and lay vacant immediately adjacent to the rear line of garages built thereon. It did not appear naturally to be a portion of the improved parcel. Alone or as a part of the main property it had practically no value. The only factor which gave it a possible substantial market value was the likelihood that owners of property adjoining on the east, of which it appeared to be more naturally a part, might desire it as an addition thereto. Therefore, the court could have inferred that the effect of its actual inclusion in the advertised sale would more normally have been to attract rather than deter bidders, and that the plaintiff was the only one who was likely to suffer prejudice thereby. The trial court correctly concluded that the sale should not be invalidated by reason of the erroneous description.

The judgment is affirmed.

Thompson, J., Curtis, J., Langdon, J., Nourse, J., *pro tem.*, Seawell, J., and Waste, C. J., concurred.