DANIEL SMALL *et al.*

*v.*

BENJAMIN STAGG.

*Filed at Ottawa May 18, 1880.*

1. SUBROGATION—*of party advancing purchase money to remove vendor's lien.* A person advancing money to a purchaser of land which is used in completing his payment of the purchase money, who at the time takes a deed of trust on the premises to secure himself, there being no privity or arrangement between him and the vendor that he shall succeed to the lien of the vendor, he will not be entitled in equity to be subrogated to the rights of the vendor, so as to hold the entire premises against a second purchaser from the first of a part of the land, who was in possession under his contract at and before the execution of the trust deed.

2. VENDOR'S LIEN—*not assignable.* A vendor's lien is a right that can only be enforced by the vendor himself, and is not assignable.*

3. POSSESSION—*notice of title.* The actual possession of a part of a tract of land by a purchaser thereof, before and at the time of the execution of a deed of trust by his vendor upon the entire tract, is notice to the party taking such incumbrance of the rights of the purchaser.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. G. D. A. PARKS, for the appellants:

1. A second vendee with notice holds subject to all liens against his immediate vendor, whether for purchase money or otherwise. When Benjamin Stagg purchased, James Stagg had only an inchoate, equitable, conditional interest by virtue of a verbal agreement from Aldrich, and was still indebted for a large amount of the purchase money. James Stagg had no deed, as the record shows. His only proof of any interest in the land consisted in his possession, and this was only evidence that the possessor had some claim, of which subsequent purchasers or incumbrancers were bound to take

---

*See *Markoe* v. *Andras*, 67 Ill. 34, as to the rule where the lien is expressly reserved in the deed.

notice. *Williams* v. *Brown,* 14 Ill. 205; *McClaurie* v. *Thomas,* 39 id. 295.

Hence, it is clear that Benjamin Stagg acquired no equities which were not subordinate to the original paramount claim for purchase money.

2. The trust deed is clothed with the essential equity of a vendor's lien. That the loan was made by James Stagg for the avowed purpose of paying the balance of the purchase money due to Aldrich can not be denied, and the avails of the loan were actually applied to that object.

What, then, were the complainant's equities against the old incumbrance in this new form? It is not enough for him to say, speaking with technical precision, that it is not a purchase money mortgage. It stands, nevertheless, as a valid legal conveyance, only to be dislodged from the position of advantage which the law assigns it by some superior equity; and in such a contest the court inquires for the substantial facts. The general rule is, that equity is careless of mere forms, and looks only at the substance of instruments and of transactions submitted to its consideration. *Broadwell* v. *Broadwell,* 1 Gilm. 612; *Mulvey* v. *Gibbons,* 87 Ill. 382; *Christie* v. *Hale,* 46 id. 120; *Jenneson* v. *Jenneson,* 66 id. 259; *Beach* v. *Shaw,* 57 id. 24; *Alden* v. *Garven,* 32 id. 35.

The substantial fact is that Small's loan paid off the purchase money due to Aldrich, and that the original vendor's lien, binding the second vendor *ab initio,* was never waived, paid or extinguished, except that effect was produced by the new lien which succeeded it, and in which it merged, without the interval of a single instant to admit intervening rights. *Shaver* v. *Williams,* 87 Ill. 472.

Appellee having notice of the original lien, had occasion at every step, under his own contract with James Stagg, to inquire as to the *status* of that lien. *Russell et al.* v. *Rawson,* 76 Ill. 171; *Wall* v. *Schofield,* 76 id. 163; *Farrar* v. *Payne,* 73 id. 88; *Heaton* v. *Prather,* 84 id. 332; *Sheen* v. *Hogan et al.* 86 id. 19; *Young* v. *Morgan,* 89 id. 202.

Before paying his own purchase money ($400) an inquiry of Aldrich or his brother must inevitably have led him to the knowledge of the new incumbrance, and he then might have protected himself *pro rata,* with the aid of chancery if necessary, by applying the amount to the paramount lien.

Messrs. BROWN & MEERS, for the appellee:

A valid contract for the sale of real estate is, as a rule, equivalent in equity to an actual conveyance at law. The vendor is regarded as a trustee for the purchaser, and the latter as the equitable owner. *Sutherland* v. *Harrison et al.* 86 Ill. 368; Dart on Vendor and Purch. 125; *Lombard* v. *Chicago Sinai Cong.* 64 Ill. 477 ; *Baker* v. *Bishop Hill Colony,* 45 id. 264; *Baldwin et al.* v. *Pool,* 74 id. 100; *Borders et al.* v. *Murphy,* 78 id. 85; *Seton* v. *Slade,* 7 Ves. 214; *Rood* v. *N. Y. R. R.* 18 Barb. 80; *Fitzhugh* v. *Maxwell,* 34 Mich. 38.

The open, notorious and visible possession of land is notice to subsequent purchasers or incumbrancers of all claims, equitable as well as legal, of the person in possession, and the party buying or incumbering takes subject to his rights. *White et al.* v. *White,* 89 Ill. 464; *Doyle* v. *Teas,* 4 Scam. 123, 202; *Smith* v. *Heirs of Jackson,* 76 Ill. 254; *Russell et al.* v. *Ransom,* 76 id. 168; *Partridge, Wells & Co.* v. *Chapman,* 81 id. 138; *Merrick* v. *Wallace,* 19 id. 498; *Morrison* v. *Kelly,* 22 id. 610; *Lumbard* v. *Abbey et al.* 73 id. 177; *Doolittle* v. *Cook,* 75 id. 354.

When a vendor of real estate is in possession under his contract, and the vendor subsequently executes a mortgage on the same premises to a third person, the mortgagee can only take an interest in any unpaid portion of the purchase money; and to reach that he is bound to give notice of his claim to the vendee in possession, or enjoin its payment to the vendor. The recording of the mortgage is not constructive notice to the vendee. *Doolittle* v. *Cook,* 75 Ill. 354.

It is the settled law of this State that a vendor's lien is strictly personal and can not be assigned even by *express* con-

tract. *Bonnell* v. *Holt,* 89 Ill. 74; *Richards* v. *Leaming,* 27 id. 431; *Keith* v. *Horner,* 32 id. 524; *Wing* v. *Goodman,* 75 id. 159; *Dayhuff* v. *Dayhuff et al.* 81 id. 499; *McLaurie* v. *Thomas,* 39 id. 291.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

It appears, from the evidence incorporated in the record, that in February, 1871, James Stagg purchased of D. H. Aldrich, by verbal contract, the following described premises: Beginning at the north-west corner of block 1, in Allen's addition to the city of Wilmington, thence easterly along the north line of the block 13 rods, thence south 8 rods, thence west 13 rods, thence north 8 rods to the place of beginning; situated in the county of Will.

The purchase price of the premises was $2150. James Stagg paid $1000 of the purchase money and went into the possession of the property under the contract. In the month of March, 1871, James Stagg sold to Benjamin Stagg the west half of the east half of the premises for $400, and he went into possession of the premises under the contract of purchase, using it for garden purposes during the spring and summer. In September he commenced building a house, which, prior to November 24, was inclosed, shingled and plastered. The house cost about the sum of $1400.

It also appears that Aldrich, in pursuance of the verbal contract, on the 25th day of November, 1871, conveyed the premises to James Stagg, by deed bearing date February 8, 1871. It also appears that on the 24th day of November, 1871, James Stagg loaned from Daniel Small $1200, and on that day gave his promissory note for the amount, due in one year, and to secure the payment of the note he executed and delivered a deed of trust to Daniel Small on all the property purchased of Aldrich. It also appears that the money obtained from Small was used in payment of the balance of the purchase money due from James Stagg to Aldrich.

In the spring of 1872, Benjamin Stagg, having paid James

Stagg the full amount of purchase money agreed to be paid, received a deed for the premises purchased; the deed, however, was not acknowledged or recorded until some time afterwards. James Stagg having failed to pay the note secured by the deed of trust, the trustee advertised the property for sale, and this bill in equity was brought by Benjamin Stagg to enjoin the sale, and to set aside the deed of trust, so far as it related to the property which he had purchased and improved under his contract before the deed of trust was executed and delivered.

When the complainant purchased the premises in question of James Stagg, the latter was indebted to Aldrich for the property in the sum of $1150, and to this extent Aldrich held a vendor's lien on the whole property, and it is apparent he could not acquire a clear title to the property until the debt due Aldrich was paid and discharged; but the question arises, whether Daniel Small, by advancing the money which paid off the debt of Aldrich, is entitled in a court of equity to be subrogated to the rights of Aldrich in the property, and thus secure a priority over the complainant.

This court has often decided that a vendor's lien is a right that can only be enforced by the vendor himself; that it is not assignable. *Bonnell* v. *Holt*, 89 Ill. 71. If, therefore, the defendant in the bill is entitled to protection, it must be upon some other ground. Had there been a contract or understanding, at the time that Small loaned the $1200 to James Stagg, between them and Aldrich, that Small was to succeed to the rights of Aldrich in the property, there would be more force in the position of Small that he was entitled to protection in a court of equity, but such was not the case. So far as appears from the evidence, Small made the loan solely upon the faith of the deed of trust, which was executed on the 24th day of November, 1871. Small probably knew the money loaned would be used by Stagg in payment of the Aldrich debt, but Aldrich was an entire stranger to the transaction; he had nothing whatever to do with the loan, the

deed of trust or any arrangement made between Small and Stagg in regard to the matter.

It is, however, urged that the delivery of the deed from Aldrich to Stagg, and the execution of the deed of trust by Stagg to Small, are to be regarded as one transaction, and that the purchase money due for the premises was not in fact extinguished, but merely assumed a new form, and hence, in equity, the title of complainant is still subject to the debt secured by the deed of trust. In support of this position, *Curtis* v. *Root,* 20 Ill. 54, and *Christy* v. *Hall,* 46 id. 117, are relied upon. These cases announce a well settled and familiar principle, that where a person purchases a tract of land and secures a deed therefor, and at the same time executes a mortgage on the property to secure the purchase money, an existing judgment against the mortgagor does not become a lien as against the mortgage. The reason assigned for the rule is: "The execution of the deed and mortgage being simultaneous acts, the title to the land does not for a single moment vest in the purchaser, but merely passes through his hands and vests in the mortgagee without stopping at all in the purchaser, and during this instantaneous passage the judgment lien can not attach to the title."

The principle, however, announced in the cases cited can have no application to the facts of this case. Here, the delivery of the deed from Aldrich to Stagg, and the execution and delivery of the trust deed from Stagg to Small, were not simultaneous acts. The trust deed was made and delivered on November 24, while the deed from Aldrich was delivered on the 25th. The two were separate and distinct acts, and there is no testimony in the record from which it can be presumed that the three parties intended to have the two transactions bear any relation whatever to each other.

Again, James Stagg purchased the premises on the 8th day of February, 1871; he went into possession under his contract, and paid $1000 on the purchase price of the land; he was from that time the owner of the property, subject to the

lien of Aldrich for the balance of the purchase money. There is, therefore, no ground for' the position that the purchase of the premises, and the giving of a deed of trust almost ten months thereafter, are one and the same transaction. We perceive no ground for holding that the trust deed is entitled to priority as against the title of complainant. There is no controversy over the fact that complainant purchased in good faith long before the deed of trust was executed; he went into the possession of the property under his purchase, and made lasting and valuable improvements thereon.

The possession of complainant when the deed of trust was taken by Small, was notice to him and all others who might attempt to acquire a lien on the property of the complainant's title in and to the premises, and any interest acquired could only be held subject to that title. The case of *Doolittle* v. *Cook*, 75 Ill. 354, is an authority in point, where it was held that actual possession of land by a purchaser holding a bond for a deed from his vendor was notice of all his rights to one taking a mortgage on the same land from the vendor, and the mortgagee would take a lien only on the vendee's right. So, here, when Small accepted a deed of trust on the property, he was chargeable with notice of Benjamin Stagg's title, and he could acquire no greater interest than was then possessed by the mortgagor.

The decree will be affirmed.

*Decree affirmed.*