LEVI M. STEWART *vs.* JAMES SMITH, Jr., and another.

November 22, 1886.

Purchase-Money Mortgage—Third Person as Mortgagee.—A purchase-money mortgage executed at the same time with the deed of purchase, either to the vendor or to a third party who advanced the purchase-money paid to the vendor, takes precedence of the lien of a prior judgment against the mortgagor.

Same—When held to be Contemporaneous with Deed.—It is not necessary that the deed and the mortgage should be in fact executed at the same moment, or even on the same day, provided the execution of the two instruments constituted part of one continuous transaction, and was so intended, so that both should in equity be given a contemporaneous operation in order to promote the intention of the parties.

Plaintiff brought this action in the district court for Hennepin county, to determine adverse claims to certain land in that county. The action was tried, without a jury, by *Young*, J., who found the facts recited in the opinion, and directed judgment for the plaintiff. The defendants appeal from an order refusing a new trial.

*J. M. Gilman*, for appellants.

*Shaw & Cray*, for respondent.

MITCHELL, J. Both parties claim title through Hiram Burlingham,—defendants under an execution sale on a judgment against Burlingham rendered and docketed in October, 1859; plaintiff under a foreclosure sale on a mortgage from Burlingham to one Sidle, executed and recorded September 16, 1861. The facts regarding the execution of this mortgage, as found by the court upon undisputed evidence, are, in substance, that Burlingham, being desirous of entering this land by pre-emption, applied to Sidle for money with which to

make the entry; that it was agreed between them that Sidle should lend Burlingham the money or land-warrant with which to make the entry, and that, as security therefor, Burlingham should give Sidle a purchase-money mortgage on the land when entered; that pursuant to the agreement Sidle loaned Burlingham the funds with which to enter the land; that thereupon Burlingham immediately went from his home (both parties resided in Minneapolis, 80 or 90 miles distant from the land-office) to Forest City, where the land-office at which the entry was to be made was situated, and upon his arrival, on Friday, September 13th, entered the land, paying therefor with the funds loaned him by Sidle, and immediately started back for his home, where he arrived on Sunday, September 15th; that on Monday, September 16th, pursuant to the agreement above referred to, he and his wife executed to Sidle the mortgage in question as security for the money so loaned and interest, according to the previous agreement of the parties.

Upon this state of facts it is quite clear that the lien of Sidle's mortgage had precedence over the lien of defendants' judgment. This is so under the familiar doctrine, more than once approved by this court, that a purchase-money mortgage, executed at the same time with the deed of purchase, takes precedence of any other claim or lien arising through the mortgagor. It will take the precedence whether executed to the vendor or to a third person who advanced the purchase-money which was paid to the vendor. *Jones* v. *Taintor*, 15 Minn. 423, (512;) *Jacoby* v. *Crowe*, *post*, p. 93; 4 Kent, Comm. *39; Washb. Real Prop. *176; Jones, Mortg. 416.

The case of *Jones* v. *Taintor*, *supra*, is decisive of the present case, the facts in both being almost identical. An attempt is made to distinguish the two cases because in the former the claim was the right of dower of the widow of the mortgagor, while in the present case it is the lien of judgment against the mortgagor. There is no room for any such distinction. The doctrine which gives precedence, in such cases, to a purchase-money mortgage, is one of equity, and not of statutory origin, and applies to any claim to or lien upon the property arising through the mortgagor.

The present case is also sought to be taken out of the operation of the rule because the purchase of the land and the execution of the mortgage were not simultaneous, Burlingham having entered the land and obtained his certificate of entry on Friday, September 13th, while the mortgage to Sidle was not executed until Monday, September 16th. The rule, as generally stated in the books, is that to give a purchase-money mortgage this precedence it must have been executed simultaneously, or at the same time, with the deed of purchase. Some ground for a narrow and literal construction of this language is furnished by the fact that the reason usually assigned for the doctrine is the technical one of the mere transitory seizin of the mortgagor, rather than the superior equity which the mortgagee has to be paid the purchase-money of the land before it shall be subjected to other claims against the purchaser. But it is evident, both upon principle and authority, that what is meant by this statement of the rule is not that the two acts—the execution of the deed of purchase and the execution of the mortgage—should be literally simultaneous. This would be almost an impossibility. · Some lapse of time must necessarily intervene between the two acts. An examination of the cases will show that the real test is not whether the deed and mortgage were in fact executed at the same instant, or even on the same day, but whether they were parts of one continuous transaction, and so intended to be, so that the two instruments should be given contemporaneous operation in order to promote the intent of the parties. 1 Washburn, Real Prop. *178; *Wheatley* v. *Calhoun*, 12 Leigh, 264, (37 Am. Dec. 654;) *Love* v. *Jones*, 4 Watts, 465; *Snyder's Appeal*, 91 Pa. St. 477. Hence it will be found that in some of the cases the fact that the mortgage was executed pursuant to an agreement made prior to the execution of the deed of purchase has been the controlling consideration upon which the mortgage has been given precedence, although not in fact executed until some time after the execution of the deed. The reason is that such a state of facts would show that both acts were but parts of the same continuous transaction. As evidence of the fact, such previous agreement would have equal probative force, although it might not be enforceable, because not in writing, and within the statute of frauds. Even if such agreement,

while executory, was not enforceable, yet, when once executed by the execution of the mortgage, it becomes as effectual as if originally in writing, and in equity will be deemed (if the rights of no innocent purchaser have intervened) as taking effect by relation as of the date of the agreement.

The facts bring the case clearly within the rule. There was a previous agreement that Burlingham should, after entering the land, give Sidle a purchase-money mortgage upon it. The mortgage was subsequently executed in pursuance of that agreement, and as soon after the entry of the land as was reasonably practicable. Both acts were evidently intended by the parties as parts of a single continuous transaction.

There is no force to the suggestion that one "40" of the land entered was not included in the mortgage. If Sidle, either by mistake or intentionally, took security for the purchase-money on only part of the land purchased, defendants certainly have no ground of complaint.

As these views are necessarily decisive of the case, it is unnecessary to consider any of the other points discussed by counsel.

Order affirmed.