### W. A. MARIN v. AUSTIN C. KNOX and Others.[1]

May 10, 1912.

Nos. 17,646—(169).

**Purchase-money mortgage — lien of judgment against vendee.**

Where a mutual agreement is made, between a vendor in a contract to convey land, the vendee therein, and a third party, that the vendee is to obtain money to pay part of the balance of the purchase price from such third party, securing the same by a first mortgage upon the land, and the vendor is to take a second mortgage for the remainder of the purchase price, and pursuant to such agreement the deed and mortgages are executed and delivered, such mortgages are superior to the lien of a judgment obtained against the vendee prior to the delivery of the mortgages.

**Same.**

If such deed and mortgages be executed and delivered pursuant to such

[1] Reported in 136 N. W. 15.

mutual agreement, it constitutes but one transaction, although the documents may not have been delivered on the same day.

**Same — evidence.**

The evidence examined, and *held* to sustain the finding that the mortgages of the defendants were purchase-money mortgages, and entitled to priority over the title acquired by plaintiff through execution sale on a judgment obtained against the vendee prior to the delivery of the mortgages.

Action in the district court for Otter Tail county to determine adverse claims to certain real estate. The reply denied that on or about May 1, 1908, defendant Keplinger was the owner of the premises; and alleged that plaintiff recovered judgment in the district court for Otter Tail county against Austin C. and Anna Knox, and upon execution sale of the premises on January 23, 1909, bought in the property, and that no redemption therefrom had been made by either the judgment debtors or by the defendants. The case was tried before Taylor, J., who made findings and as conclusions of law found that plaintiff was the owner of the real estate described in the complaint, subject to the lien of each of the three mortgages mentioned in the opinion, and that the lien of the mortgages was paramount and superior to the title of plaintiff. From the judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Charles Loring* and *W. A. Marin,* for appellant.

*Parsons & Brown,* for respondents Thorp, Brown and Keplinger.

HOLT, J.

In this action, brought to determine the adverse claims to one hundred twenty acres of land in Otter Tail county, the three defendants, John W. Thorp, James A. Brown, and E. R. Keplinger, answered, each claiming a mortgage lien superior to plaintiff's estate in the premises. The trial resulted in findings that plaintiff was the owner, subject to the liens the defendants asserted. From the judgment entered upon these findings, this appeal is taken.

On December 18, 1902, the defendant Keplinger was the owner of the land, and on that day gave defendant Austin C. Knox a con-

tract agreeing to convey for $3,200. Knox went into possession and made certain payments, but not as agreed, and prior to December, 1907, he removed from the state. On April 21, 1908, $2,116.40 was due and unpaid on the contract. Keplinger, at this time residing on the Pacific coast, was in need of the money, and urged Knox to close up the deal. Finally, through agents and friends, an agreement was made whereby Knox, upon receiving the deed to the land, was to give a first mortgage thereon to raise $1,500 to pay Keplinger upon the amount due for the purchase price and give a second mortgage for $616.40 to Keplinger to secure the balance thereof. The defendant Thorp, through his agent, defendant Brown, agreed to take the first mortgage for $1,500, due in ten years, with seven and one-half per cent interest; but, since Brown was to receive from Thorp for the services rendered all of the interest above six per cent, the $1,500 mortgage was made to draw only six per cent interest annually, and a separate mortgage made to Brown to secure the one and one-half per cent interest. Also a mortgage for $616.40 was made to Keplinger.

The deed from Keplinger to Knox was dated January 13, 1908. The mortgages to Thorp and Brown were dated April 11, 1908, and that to Keplinger dated April 21, 1908. The Thorp mortgage was filed for record April 23, 1908, the Brown mortgage May 1, 1908, at 4 p. m., the deed to Knox May 1, 1908, at 4:40 p. m., and the Keplinger mortgage, May 7, 1908. The testimony shows that Mr. Baker, Keplinger's agent, did not deliver the deed until he received the mortgage from Knox for the balance of the purchase price. Plaintiff obtained title to the property upon an execution sale under a judgment rendered and docketed in the district court of said county, in his favor and against the defendant Austin C. Knox, May 24, 1907, for $210.68.

Ever since the decision of Banning v. Edes, 6 Minn. 270 (402), it has been the law in this state that a purchase-money mortgage has priority over a previously docketed judgment against the mortgagor. Hence plaintiff's ownership must necessarily be subject to Keplinger's mortgage for $616.40, unless the latter lost his right by per-

mitting the other two mortgages, if they be not also purchase-money mortgages, to obtain priority over his. Reilly v. Williams, 47 Minn. 590, 50 N. W. 826. The defendants Thorp and Brown insist that their mortgages are purchase-money mortgages. If this be true, the judgment is right. It is also the settled law in this state that a person other than the vendor may obtain a purchase-money mortgage, so called, thereby acquiring the same equities as would the vendor, had he taken the mortgage. Jones v. Tainter, 15 Minn. 423 (512); Stewart v. Smith, 36 Minn. 82, 30 N. W. 430, 1 Am. St. 651. See also Carey v. Boyle, 53 Wis. 574, 11 N. W. 47; Cowardin v. Anderson, 78 Va. 88; Kaiser v. Lembeck, 55 Iowa, 244, 7 N. W. 519. Therefore the only question here is: Does the evidence sustain the court's finding that these mortgages to Thorp and Brown were such that they may be considered in a legal sense purchase-money mortgages?

The evidence is clear that every dollar obtained by means of these mortgages, namely, $1,500, was paid to Keplinger upon the purchase price, and that the deed to Knox was not delivered until this money was turned over. The court had also ample warrant for finding that it was agreed between all the parties concerned that the delivery of the deed was to be part of the transaction of executing all three mortgages as purchase-money mortgages, to take precedence among themselves as therein agreed. The only doubt that might be entertained as to the correctness of the disposition of the case by the lower court arises from the Brown mortgage. But this vanishes when the situation and agreement of the parties are considered. The loan agreed to be made by Thorp through Brown was for $1,500, payable ten years from date, with seven and one-half per cent interest per annum. Thorp resided in New York, his agent in Minnesota. Between them there was an understanding that Brown should receive for his services part of the agreed interest as it was paid in. To carry out this agreement, the two mortgages were made; that one of Mr. Brown being very brief, conditioned to be void if $22.50 was paid on April 11 annually for ten years, this being the same date as the six per cent interest stipulated in the Thorp mortgage became due. In reali-

ty, the two constitute but one mortgage, securing the $1,500 borrowed and used to pay for the land, and the agreed interest thereon, namely, seven and one-half per cent per annum.

Plaintiff also claims that, since the deed and the mortgages were not executed simultaneously, the mortgages may not be regarded as purchase-money mortgages. It is true that the Thorp mortgage was recorded before the Keplinger mortgage was acknowledged, and hence must have been delivered before. But we must consider the situation of the parties and their agents. Each one of the four parties to the transaction resided in a state where none of the others were. Their agents were not in the same town. Under these circumstances, a few days' difference in the delivery of the instruments that completed the one transaction is not significant. Stewart v. Smith, supra; Demeter v. Wilcox, 115 Mo. 634, 22 S. W. 613; 37 Am. St. 422.

Plaintiff earnestly contends that, because the contract for purchase of the land was made in 1902, there could be no agreement to take back a purchase-money mortgage in 1908; the written contract containing no provision for a mortgage. We fail to see the force of this position.

In Laidley v. Aikin, 80 Iowa, 112, 45 N. W. 384, 20 Am. St. 408, the contract to convey had been given three years before the purchase-money mortgage was made. Knox had failed to make the payments stipulated in the contract, and Keplinger, by giving the thirty-day notice required, was in a position to terminate all rights under the contract. In this situation, had Keplinger given a deed upon receiving back a mortgage from Knox for the amount due and unpaid, could it for a moment be claimed that the mortgage was not entitled to be considered as a purchase-money mortgage? When plaintiff obtained his judgment, it did not become a lien on the unpaid amount of the purchase price, and he should not be heard to object to whatever agreement the parties mutually agreed upon to secure the same, as long as the equity of Knox in the land was not diminished.

We conclude, from the examination of the testimony and admitted facts, that the court was fully warranted in finding that at the time the mortgages were delivered $2,116.40 was due Keplinger upon the purchase price of the land; that the execution and delivery of the deed by Keplinger to Knox, and the mortgages from the latter to Thorp, Brown, and Keplinger, together with the payment to Keplinger of the proceeds of the $1,500 loan upon the unpaid purchase price of the land, constituted but one transaction; that the intent and agreement of all said parties was that the title to the land should vest in Knox, subject to the purchase-money mortgage liens of said three mortgages; and hence that said three mortgages in fact do represent and secure the payment of the purchase price of the land, and no other amount whatsoever.

The authorities relied on by appellant (Nicholson v. Aney, 127 Iowa, 278, 103 N. W. 201; Van Loben Sels v. Bunnell, 120 Cal. 680, 53 Pac. 266; Small v. Stagg, 95 Ill. 39) are not applicable, because either it was shown that the money was a mere loan, with no agreement between the vendor, vendee, and mortgagor that the mortgage should be a purchase-money mortgage, or else no agreement to so consider the mortgage between these interested parties was proven. The cases of Stansell v. Roberts, 13 Ohio, 148, 42 Am. Dec. 193, and Heuisler v. Nickum, 38 Md. 270, 278, were decided upon the effect given to the recording statutes of those states.

Judgment affirmed.