HELEN B. O'HALLORAN v. RICHARD A. MARRIAGE AND OTHERS.[1]

June 4, 1926.

No. 25,321.

**Finding sustained that plaintiff's mortgage was for purchase price.**
The evidence sustains the finding that the mortgage to plaintiff was given as a purchase money mortgage.

Mortgages, 27 Cyc. p. 1182 n. 6; p. 1229 n. 4.

---

See note in 40 L. R. A. (N. S.) 272, et seq; 19 R. C. L. p. 417; 3 R. C. L. Supp. 946; 4 R. C. L. Supp. p. 1279.

Action in the district court for Sherburne county to foreclose a mortgage of $2,200 and to have it decreed superior to a mortgage of $13,000 executed by the same parties. The case was tried before

[1]Reported in 209 N. W. 271.

Johnson, J., who ordered judgment in favor of plaintiff. Defendants appealed from an order denying their motion for a new trial. Affirmed.

*Tifft & Youngdahl* and *Whipple & Smith,* for appellants.
*Daniel F. Foley,* for respondent.

TAYLOR, C.

Defendants appeal from an order denying a new trial. The sole question presented is whether the evidence is sufficient to sustain the finding of the trial court that a mortgage executed to plaintiff by defendant Richard A. Marriage and his wife, defendant Mabel Marriage, for the sum of $2,200 is a purchase money mortgage and therefore superior and paramount to a mortgage executed by the same parties to defendant Interstate Securities Company for the sum of $13,000.

Plaintiff's husband died intestate in July, 1919, and plaintiff was duly appointed administratrix of his estate. The estate included an 80-acre tract of land in Sherburne county. On April 12, 1920, plaintiff contracted as owner to sell this land to defendant Richard A. Marriage for the sum of $6,200. The contract acknowledged the payment of $500 and provided that $3,500 should be paid on or before July 1, 1920. It further provided that when this payment was made plaintiff should convey the land to Marriage and take back a second mortgage of $2,200 for the remainder of the purchase price.

On June 10, 1920, plaintiff reported to the probate court that she had sold the land to Marriage for the sum of $6,200, and the sale was approved and confirmed by the court. On that date she conveyed the land to Marriage by a deed executed as administratrix and reciting that the sale was made under and pursuant to a license issued by the probate court on March 29, 1920. The deed was recorded July 20, 1920. On June 5, 1920, W. J. Johnson, president of the Big Lake Farmers State Bank, took three mortgages prepared ready for signature to the home of Marriage where they were executed by Marriage and his wife. One for the sum of $2,200, dated April 12, 1920, covering the land in question, was

executed to plaintiff. It contained a covenant that the land was "free from all encumbrances except a certain mortgage of thirty-five hundred dollars."

The other two, one for the sum of $975 and one for the sum of $13,000, both dated June 1, 1920, and both covering the land in question and also an additional tract of 160 acres were executed to defendant Interstate Securities Company. The mortgage for $975 has been paid off and is not involved in this controversy. The mortgage for $13,000 was recorded July 2, 1920. Plaintiff's mortgage was recorded July 27, 1920.

It is conceded that the mortgage to plaintiff was given for the unpaid $2,200 of the purchase price of the land, but defendants contend that it is not a purchase money mortgage for the reason that it was given to plaintiff individually and not as administratrix, and for the further reason that the contract of April 12, 1920, states that it was to be a second mortgage, and for the further reason that it was not recorded until after the mortgages to the Securities Company had been recorded. By whom these several mortgages were placed on record does not appear.

Plaintiff reported the sale to the probate court as a cash sale and accounted to the court for the full purchase price of $6,200 as cash received. To do so she advanced $2,200 of her own funds and took the mortgage herself. It is well settled that when a third party furnishes a part of the purchase price and takes a mortgage therefor from the vendee, the mortgage may be given effect as a purchase money mortgage. Marin v. Knox, 117 Minn. 428, 136 N. W. 15, 40 L. R. A. (N. S.) 272; Jacoby v. Crowe, 36 Minn. 93, 30 N. W. 441; Stewart v. Smith, 36 Minn. 82, 30 N. W. 430, 1 Am. St. 651; Schoch v. Birdsall, 48 Minn. 441, 51 N. W. 382.

Defendants do not question that such a mortgage may be a purchase money mortgage if the parties intended it as such but point to the provision in the contract of April 12, 1920, that plaintiff was to take a second mortgage, and to the fact that both mortgages to the Securities Company were recorded before her mortgage was recorded and insist that the court could not legitimately infer that

her mortgage was intended as a purchase money mortgage.

The evidence is exceedingly meagre and shows little more than the bare facts already stated. Neither side made any attempt to show whether the land was or was not subject to an existing mortgage when the contract of April 12 was made. That contract merely states that plaintiff is to "take a second mortgage back on the said property for $2,200 due on or before five years."

It states nothing whatever as to the first mortgage. The parties would hardly place such a provision in the contract and nothing more unless they had in mind an existing mortgage. If they contemplated the placing of a new first mortgage on the property, they would naturally specify the terms of such mortgage or at least the amount for which it was to be given. That a second mortgage may be a purchase money mortgage is not open to question. A first mortgage could not be given if the land was already subject to a mortgage which was to remain in force.

Although the three mortgages were executed at the same time and before the same notary, plaintiff's mortgage bears the same date as her contract, April 12, 1920, while the other two are dated June 1, 1920. It contains a covenant that the land is free from all encumbrances except a certain mortgage for $3,500. This covenant is clearly inconsistent with an intention that the mortgages of $975 and $13,000 executed by the same parties at the same time should be prior or superior to the mortgage containing it.

The evidence is scanty, but we think the facts disclosed amply justified the court in concluding that plaintiff's mortgage was intended as a purchase money mortgage and in giving it effect as such.

Order affirmed.